UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

LUCE & SON, INC., a Nevada corporation,

    Plaintiff,

vs.

CLASSIC WINES OF CALIFORNIA, a California corporation; and ROES 1 through 5,

    Defendants.

Case No. 3:11-cv-00164

### ORDER REMANDING CASE TO STATE COURT, WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came for hearing on the duly noticed Motion to Remand to State Court filed by plaintiff Luce and Son, Inc. (hereafter "L&S"). The matter was fully briefed by the parties prior to the hearing. The Court, upon reviewing and considering the Motion, the corresponding opposition and reply, the relevant statutory and case law, the evidence, and the parties' respective arguments submitted at the May 25, 2011 oral argument, hereby enters its written Findings of Fact and Conclusions of law, and orders as follows:

### FINDINGS OF FACT

1. Plaintiff L&S is a corporation organized and existing under the laws of the State of Nevada, doing business in Washoe County, Nevada.

2. Defendant CLASSIC WINES, LLC ("Classic") is a corporation organized and existing under the laws of the State of California and doing business in the State of Nevada, in Washoe County.

3. On December 8, 2010, L&S filed the Complaint in this action in the Second Judicial District Court of the State of Nevada, Washoe County, Case. No. CV10-03662, Dept. 1.

4. The Complaint does not reveal the amount in controversy in this action.

5. On December 9, 2010, L&S sent to Classic by facsimile, a file-stamped copy of the Complaint, and a demand letter (the "Demand Letter").

. . .

6. At paragraph 14 of the Declaration of Clinton P. Walker in Support of Defendant's Opposition to Motion to Remand to State Court, Classic's counsel acknowledges that Classic received a copy of the Demand Letter and Complaint by facsimile on December 9, 2010.

7. The Demand Letter specifically sets forth a calculation of the amount in controversy, informing Classic that its alleged "violation[s] of Nevada law have caused Luce and Son to incur at least $189,478.85 in damages."

8. By way of the Demand Letter, L&S provided Classic the information it needed to ascertain that the amount in controversy exceeds the statutory $75,000.00 threshold for removal.

9. On January 22, 2011, L&S caused the Complaint and a Summons to be served on Classic.

10. Classic removed the case from state court to this Court on March 3, 2011.

11. L&S filed its Motion to Remand to State Court on March 17, 2011.

12. Classic's opposition and L&S's reply were timely.

### **CONCLUSIONS OF LAW**

1. Nev.R.Civ.P. 3 states that "[a] civil action is commenced by filing a complaint in the [state] court."

2. The thirty-day removal period under the second paragraph of 28 U.S.C. § 1446(b) is triggered by service of a complaint and summons. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).

3. The controlling second paragraph of 28 U.S.C. 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one that is or has become removable.

4. It is well established that "a demand letter sent during the course of the state court action can constitute an 'other paper' within the meaning of *section 1446(b)* if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax*, 629 F.3d 876, 885 (9th Cir. 2010).

. . .

135817.1

5.   The Demand Letter constitutes an "other paper" for purposes of 28 U.S.C. 1446(b) because L&S sent it to Classic on December 9, 2010, *after* L&S filed the Complaint initiating the state court action, and because the Demand Letter sets forth a precise damage computation of $189,478.85, which amount exceeds the statutory threshold of $75,000.00 for diversity jurisdiction.

6.   The Court finds the cases cited by Classic for the proposition that the Demand Letter was inadequate to trigger the thirty-day removal period distinguishable, both legally and factually, and thus inapposite to the Court's analysis of this case.

7.   Service of the Complaint and Summons by L&S on December 22, 2010 started the running of the thirty-day removal period.

8.   The thirty-day removal period closed on January 21, 2011.

9.   Classic's March 3, 2011 Request for Removal was outside the thirty-day removal period.

10.  Removal of this action to this Court was not timely.

WHEREFORE, good cause appearing,

IT IS HEREBY ORDERED that L&S's Motion to Remand to State Court is GRANTED. The court declines to consider the pending motion of L&S for attorneys fees and costs and L&S's motion for partial summary judgment.  Those matters may be addressed in the State proceedings.

Dated this __3rd__ day of June, 2011.

*Howard D. McKibben*

HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE